ROBERT LEE SMART
_____
Full name(s)

#08033-030#
_____
Prisoner or registration number

P.O. BOX 33
_____
Street address or postal box number

TERRE HAUTE, INDIANA 47808
_____
City, State and zip code

# IN THE UNITED STATES DISTRICT COURT
# 'FOR THE SOUTHERN DISTRICT OF INDIANA

Civil Action No. _____

(To be supplied by the Court)

ROBERT LEE SMART
_____

_____  Plaintiff(s)

Full name(s) (Do not use *et al.*)

v.

SCOTT C PETERSON PLUS 8 OTHERS
_____

(PLEASE REFER TO ENCLOSE SUIT)
_____

_____  Defendant(s).

Full name(s) (Do not use *et al.*)

## CIVIL RIGHTS COMPLAINT

### A. PARTIES

1. I, _____ROBERT LEE SMART_____, am a citizen of ___IOWA___
   (Plaintiff name and prisoner or registration no. if applicable)       (State)

and presently reside at  P.O. BOX 33 TERRE HAUTR, INDIANA 47808 .
                    (mailing address or place of confinement)

2. Defendant _(REFER TO LISTING OF DEFENDANTS ENCLOSED)_ is a citizen of _____ .
          (name of first defendant)                              (State)

whose address is _____ ,

and who is employed as _____ .

3. Defendant _____ is a citizen of _____
          (name of second defendant)                              (State)

whose address is _____

and who is employed as _____ .

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. This cause of action is brought pursuant to (CHECK ONE)

      ____  42 U.S.C. § 1983 (applies to state prisoners)

      _XX_  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (applies to federal prisoners)

2. _XXX_____  Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)
    JUDICIAL DETERMINATION     "Umbrella Suit"_____

_____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

   SEE ENCLOSED SUIT FOR FULL DETAILS_____

_____

_____

_____

_____

_____

2

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations:  (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D.  CAUSE OF ACTION.")

**Claim I:**      SEE ENCLOSED SUIT FOR FULL DETAILS

_____

_____

_____

**Supporting Facts:**  (Include all facts you consider important, including names of persons involved, places, and dates.  Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing legal authority or argument.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Claim II:** _____

_____

_____

_____

3

**Supporting Facts:**

SEE ENCLOSED SUIT FOR FULL DETAILS

**Claim III:**

**Supporting Facts:**

4

## E.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?  ____YesXXX_No.  If your answer is "Yes," describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a.  Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

b.  Name and location of court and docket number _____

c.  Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed? Is it still pending?)

_____

d.  Issues raised: _____

e.  Approximate date of filing lawsuit:_____

f.  Approximate date of disposition: _____

2.  I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.  ~~xxx~~ Yes  X_No.

If your answer is "Yes," briefly describe how relief was sought and the result.

_____ NONE ~~AVAILABLE~~ *AVAiLABLe* ,_____

_____

3. I have exhausted available administrative remedies. _____ Yes _X_ No. If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion. If your answer is "No," briefly explain why administrative remedies were not exhausted.

None ~~Remedies~~ AVAILABLE

_____

_____

_____

_____

## F.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1.  If you are proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in any court of the United States while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a.  Parties to previous lawsuit:

Plaintiff(s):_____ None _____

Defendant(s):_____

b.  Name and location of court and docket number ____ None _____

c.  Grounds for dismissal:  ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

d.  Approximate date of filing lawsuit:_____

e.  Approximate date of disposition: _____

6

## G. REQUEST FOR RELIEF

I request the following relief:

See enclosed suit

_____        X *Robert Lee Smart Jr*
Original signature of attorney (if any)        **Prisoner's Original Signature**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is **true and correct**.

Executed at *Terre Haute USP* on *02-22-2008*.
    (location)        (date)

X *Robert Lee Smart Jr*
**Prisoner's Original Signature**

Jury Demand

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

ROBERT LEE SMART                      )
                                     )
V                                    )
                                     )   CAUSE NO._____
SCOTT C PETERSON ET AL               )


LISTING OF DEFENDANTS

Comes now, ROBERT LEE SMART, to enter into the record a
list of all known Defendants, and advises the court of
the following;

1. SCOTT C PETERSON, 425 2nd Street S.E., Suite 1000,
   Cedar Rapids, Iowa 52401. [ATTORNEY]

2. MELANIE BLAKE, Rock Island, Illinois.

3. Daniel Krack, Rock Island, Illinois.

4. AUBREY DALE ANTHONY, Rock Island, Illinois. [IDOC]

5. WALLACE TAYLOR, Cedar Rapids, Iowa. [ATTORNEY]

6. RICHARD D WESTPHAL, Star Cres Building, Suite 320, 1830
   2nd Avenue, Rock Island, Illinois, 61201-8003. [ATTORNEY]

7. MATTHEW G WHITAKER, Star Cres Building, Suite 320, 1830
   2nd Avenue, Rock Island, Illinois, 61201-8003. [ATTORNEY]

8. The Firm of, NIDEY PETERSON ERDAHL & TINDAL, PLC,
   Attorneys at Law, 425 2nd Street S.E., Suite 1000,
   Cedar Rapids, Iowa 52401.

-1-

9. Deshawn Mavrick, Iowa City, Iowa, Newton State Penitenary, Newton, Iowa/ OXFORD FCI BOP.

Respectfully submitted,

by *Robert LEE Smart, Jr.*

ROBERT LEE SMART
FEDERAL CORRECTIONAL COMPLEX
REG NO. #08033-030#
P.O. BOX 33
TERRE HAUTE, INDIANA
47808

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

ROBERT LEE SMART                )
                                )
                                )
V                               )     CAUSE NO._____
                                )
                                )
SCOTT C PETERSON ET AL          )

COMPLAINT-INFORMATION

[NEXT PAGE]

-01-

1.

On 05.07.2000 Melanie Blake and Daniel Krack stoled guns
from Blake's boyfriend Aubrey Dale Anthony, who was an
Illinois Department Of Corrections Officer, Milan Police
Officer, and Firearms instructor.

2.

Mr. Anthony recklessly let Blake and Krack steal weapons,
and bares responsibilty for letting a known drug addict
have direct axcess to dangours weapons.

3.

Without Anthony's acts, Mr. Smart would have never been
impliciated, and would not be sitting in a prison right
this very minute.

4.

Ms. Blake impliciated Mr. Smart to receive favors from
prosecutor Westphal, personally, thus operating outside
his jurisdiction, and stripping him of any immunity.

5.

Ms. Blake impliciated Mr. Smart to receive favors from
prosecutor Westphal that were in the course of business,
relating to criminal matters.

6.

Prosecutor Westphal caused by force under color of law
and favors personal and business, that Ms. Blake gave
false and perjuried testimony before a purported grand
jury aginst Mr. Smart.

7.

Ms Blake lied to a grand jury, to injure Mr. Smart because
he was the most convient person, and she needed some
help with her criminal issues, that deprived Smart of
his constitutional rights.

8.

On 04.26.2005 Robert Lee Smart made an initial appearance
inregard to 3:05-cr-00522-JEG-TJS, Mr. Smart told Attorney
Terence McAtee that he wanted to invoke his Speedy Trial
Rights, no matter what, no delays and no stalling.

9.

On 05.03.2005 arraignment as to SMART was conducted, again
SMART invoked his rights to a Speedy Trial, no matter
what, no delays and no stalling, this was expressed.

10.

On 06.02.2005 Attorney McAtee filed a motion for withdrawl
of attorney due to conflict, the conflict was that SMART
wanted no matter what a Speedy Trial, that he has an
absolutly right to.

11.

The prosecutors office arrested SMART before they had
had a case, they molded a case out of thin air with a
little help from some people on the streets, if the
prosecutors office was not ready to go to trial, to
comply with  the Speedy Trial request, Westphal should
have never arrested SMART.

12.

No person or entity has a duty or right to enterfere
with SMARTS speedy trial rights, if Smart wants a speedy
trial, and he absolutely did, Smart must be given a
speedy trial.

13.

Mr. McAtee made an agreement with Westphal for McAtee
to withdraw from Smart's case, with the purpose of stalling
SMARTS trial.

14.

Mr. McAtee and Westphal violated Smart's Federal rights
to a Speedy Trial.

15.

On 06.08.2005 Attorney Scott C. Peterson was appointed
to represent SMART.

16.

On 06.14.2005 Smart Informed, demanded, and invoked his
speedy trial rights, once again to this new attorney
Peterson.

17.

On 06.14.2005 Peterson made an oral motion to continue
trial aginst Smart's wishes.

18.

Smart has a binding contract with both attorney's McAtee
and Peterson for a speedy trial of which both Attorneys
broke.

19.

On 08.04.2005 another motion to continue trial, aginst
Smart's wishes and agreement with Peterson.

20.

On 09.13.2005 attorney Peterson aginst the rights of Smart
and the demand of a speedy trial, motioned and was granted
another continuance, violating Smarts rights, and in violation
of contract.

21.

Richard D Westphal, AUSA, Matthew G Witaker, USA, McAtee,
Attorney, and Peterson, Attorney, in their seprate private
capcity, and in their seprate public capicity, consipered
directly in their private capicity, to denie Smart of his
right to a speedy trial, to seperately enhance their public
capicity, thus enriching their private lives, by takeing
away Mr. Smarts freedom.

22.

Westphal, Witaker, McAtee, and Peterson, operated outside
their respective jurisdiction, on their own time, to become
involved in this on going consipercy that is the result of
a private covin, to obstruct justice, and denie Smart his
right to a speedy trial, to give the prosecutor more time
to mold and fabricate a falsely manufactured case aginst
Smart.

23.

Prosecutor Westphal and Whitaker consipered together to
denie Smart of his Federal rights, to produce gain and
notoridty for their carrer's.

24.

Prosecutor Westphal and Whitaker are stripped of their
immunity for operating outside of their jurisdiction.

25.

Westphal and Whitaker were not acting in their judicial
capacity, their job and duty is not to consipire aginst
Smart to deprive him of his right to a speedy trial.

26.

There is an implied and expressed contract between Westphal,
Whitaker, McAtee, and Peterson to provide a speedy trial.

27.

Whitaker is Westphal's boss and must approve of Westphals
final actions, Whitaker is responsable for the operation
of his office.

28.

Attorney peterson is liabel for negligence, consipercy, and outright fraud aginst Smart for the delays in his trial, that went over the time limits of the Speedy Trial Act and any other similar type of right.

29.

Smart would have prevailed had his rights not been denied, because no trial would have taken place, they were not ready, the prosecution, the charges would have been dismissed, thus Mr. Smart would have be inoccent and would have thus, not been found guilty.

30.

Mr. Smart and Attorney McAtee had an attorney client relationship.

31.

Mr. Smart and Attorney Peterson had an attorney client relationship.

32.

Attorney Peterson breached his Duty by not going to trial under the time limits set by the Speedy Trial Act and any other rights.

33.

Peterson commited promissory fraud, in that he promised Smart that he would see to it that the trial started on time within the speedy trial limits, later on Peterson started to attempt to back out of the agreement, but Smart kept on insiting on his right to a speedy trial, peterson jumped ship causing further delays.

34.

The badge of fraud is overwhelming in this case, everyone
was aginst Smart wanting to invoke his right to a speedy
trial, and we have the facts to prove this, letters, documents,
and such.

35.

The speedy trial right is the one right no one has the right
or duty to denie or reconstrue.

36.

There is a breach of contract and duty by all named defendants.

37.

Under the Uniform Commercial Code 3-307 a claim accures when
the fraud is complete, not when it is discovered, because
section UCC 3-118 ‖g) does not mention discovery.

38.

Conduct by both parties which recognizes the existence of
a contract is sufficient to establish a contract, although
the writings of the parties do not otherwise establish a
contract.

39.

The fraud to lock up Smart was completed on December 14,
2007, when the motion under 28 U.S.C. § 2255 was recivied.

40.

A prosecutor or defense attorney never operates in his
judicial capicity when agreeing to consipier to injure
another.

41.

On top of all these claims the prosecutor had absoulty
no jurisdiction to even prosecute Smart in the first place,
his attorney's, all should have entered a jurisdictional
plea in the begining, Mr. Smart is in prison under an,
unknown to him, adhesion contract.

42.

Public law 80-772 Act of June 25, 1948, ch. 645, section 1,
62 stat. 683 et seq., is unconstitutional and void because
H.R. 3190 never passed both houses as required by Article 1,
Section 7, clause 2, thus for this reason and fact alone
no one had a right to prosecute Smart.

43.

The constitution has only three jurisdictions Common Law,
Equity, and admirlty, Common Law is no longer in use for
criminal prosecutions, Equity has no criminal prosecution
element, and as far we are soposed to know, Mr. Smart was
not supposed to be criminally prosecuted under admirlty
law, and if he was,he was never shown an international
commercial contract, so I am clueless as to what jurisdiction
Smart was purportly prosecuted under, statues and code are
private copyrighted material and there is no mention in the
constitution of these devises, but maybe I am wrong.

-09-

44.

We claim actual innocence, in this suit as to the criminal charges.

45.

We claim that a covin has taken place aginst the petitioner by all defendants

46.

That documents were read and expressed to the petitioner, grand jury, and jury by all defendants via fraudlant translation.

47.

On 10.11.2005 Westphal and Peterson agreed on another continuance aginst Smarts expressed rights and demand.

48.

On 10.26.2005 Petterson filed a motion to withdraw as attorney, to attempt to cause more delay, granting more time to the prosecutor.

49.

On 10.31.2005 attorney Wallace L Taylor jumped into and on board this consipery, also entering into a contract and agreement with Smart, Smart also informed this attorney that his former attorneys denied his right to a speedy trial, and wanted this trial to start now.

50.

All of these delays were in favor of the prosecution, Smart
did not need and did not want any delays, whatsoever.

51.

On 11.11.2005 another unwanted continuance.

52.

On 11.22.2005 another unwanted continiance.

53.

On 01.18.2006 a jury trial began, in violation of Smarts
speedy trial rights.

54.

On 03.15.2006 Westphal obtained an indictment aginst Smart
for making a phone call to someone he knew, Mr. Smart called
to find out what was going on, this call would have never
been made if the trial would have started on time.

55.

Smart has a right to call or contact anYone he wishes, and
to do independant investigations to further his case, Westphal
is the one who obstructed justice, not Smart, it is unbelivable
that this prosecutor can get away with abuseing his power,
that was never knowingly given or contracted to him.

56.

The Kingpin of this whole operation is the firm of
NIDEY PETERSON ERDAHAL < TINDAL, with the top player
being Scott C Peterson, without him none of this would
have been possiable.

57.

Mr. Smart has been harmed by all of the Defendants
named in this complaint.

58.

Mr. Smart has alleged and stated claims upon which
relief may be granted.

59.

Mr. Smart comes in "good faith", belives he is entitled
to relief and can produce facts in support, throughout
the discovery and evidence process.

60.

The four elements of Attorney malpractice have been
alleged and claimed, further Mr. Smart wishes to invoke
an Iowa State Law claim into this matter by way of
leave of court motion.

-12-

61.

Mr. Smart has alleged and claimed violations of his U.S.
Constitutional rights and violations of U.S. Law, Statue,
Code, Federal and State.

62.

Although Mr. Smart seeks monetary relief from a defendant
who may be immune from such relief, Smart has also alleged
and claimed, that if any such defendant exist, facts can
be shown to strip them of their immunity and facts that
show they operated outside there jurisdiction, thus no
entitlement to immunity.

63.

That this cause may involve multi type suits, such as
§ 1983, § 1331, consipercy, negligance, fraud of all types,
malpratice, contract law and injuncitive relief, and
would motion the court for leave to make a judicial
determantion as to an Umbrella Suit.

64.

The UCC abrogated the common law rule for contracts
governed by the code, UCC § 2-209 ||2).

-13-

65.

You can fill gaps in the UCC but you can not contradict
it, by calling a UCC claim something else, the UCC
controls.

66.

It is well established that an attorney-client relationship may
give rise to a duty, the breach of which may be legal malpractice.
In a lawyer malpractice case, the plaintiff must demonstrate:
(1) the existence of an attorney-client relationship giving rise
to a duty, (2) the attorney, either by an act or failure to act,
violated or breached that duty, (3) the attorney's breach of duty
proximately caused injury to the client, and (4) the client
sustained actual injury, loss, or damage.  Ruden v. Jenk, 543
N.W. 2d 605, 610 (Iowa 1996); see Vande Kop v. McGill, 528 N.W.
2d 609, 613 (Iowa 1995); Schmitz v. Crotty, 528 N.W. 2d 112, 115
(Iowa 1995); Dessel v. Dessel, 431 N.W. 2d 359, 361 (Iowa 1988);
Burke v. Roberson, 417 N.W. 2d 209, 211 (Iowa 1987); see also
Kubik v. Burk, 540 N.W. 2d 60, 63 (Iowa Ct. App. 1995); Benton v.
Nelsen, 502 N.W. 2d 288, 291 (Iowa Ct. App. 1993).

Causation is another essential element in a negligence action.
Mulcahy v. Eli Lilly & Co., 386 N.W. 2d 67, 72 (Iowa 1986); Iowa
Electric Light & Power Co. v. General Electric Co., 352 N.W.
2d 231, 234 (Iowa 1984).  The causation requirement entails
proof of a "causal connection between the defendant's alleged
negligence and the injury." Mulcahy, 386 N.W. 2d at 72; Sponsler
v. Clarke Elec. Coop., Inc., 329 N.W. 2d 663, 665 (Iowa 1983).
"'Causation goes to the question of what instrumentality or
mechanism caused plaintiff's injury.'" Mulcahy, 386 N.W. 2d at
72 (quoting  McElhaney v. Eli Lilly & Co., 564 F.Supp. 265, 268
(D.S.D. 1983))).  The Iowa Court of Appeals has made the follow-
ing observations about the causation element of a negligence
cause of action under Iowa law:

Causation is a necessary element in all negligence cases. It is actually composed of two related but separate concepts. The first considers the actual cause of the harm. This known as "casue-in-fact". The second part embraces the legal cause of the injury. This is known as "proximate cause." Even though an act of the defendant may be the factual or actual cause of the plaintiff's injury, liability will only be imposed if it is also a proximate or legal cause of the injury.

The test to determine the actual cause prong of causation is known as sine qua non; but for the defendant's conduct, the harm would not have occurred. State v. Marti, 290 N.W. 2d [570], 585 [(Iowa 1980)]. The test to determine proximate or legal cause is more involved. Generally, an actor's conduct is a proximate or legal cause of harm to another if the conduct is a "substantial factor" in producing the harm and there is no other rule of law which relieves the actor of liability because of the manner in which the negligence resulted in the harm. Kelly v. Sinclair Oil Corp., 476 N.W. 2d [349], 349 [(Iowa 1991)]. Iowa follows the Restatement (Second) of Torts in using the "substantial factor" test to help determine the existence of proximate or legal cause. Id; Frederick v. Goft, 251 Iowa 290, 298, 100 N.W. 2d 642, 629 (1960). This test is found in uniform instruction 700.3, together with "but for" test.

Sumpter v. City of Moulton, 519 N.W. 2d 427, 434 (Iowa App. 1994); see Jones v. City of Des Moines, 355 N.W. 2d 49 (Iowa 1984)(defining proximate cause as the substantial factor and but for cause).

Thus, the causation element of a negligence cause of action requires proof that defendant's conduct was a substantial factor in bringing about plaintiff's harm before defendant's conduct can be found to be a proximate cause of that harm. Shaffer, 395 N.W. 2d at 857; Iowa Electric, 352 N.W. 2d at 234; Sumpter, 519 N.W. 2d at 434. If an actor's conduct is not a substantial factor in bringing about the plaintiff's harm, or if it is a

substantial factor but is superseded by later forces or conduct, then the actor's conduct does not constitute the legal cause of the plaintiff's harm. Shaffer, 395 N.W. 2d at 857; Schnebly v. Baker, 217 N.W. 2d 708, 729 (Iowa 1974). There can be more than one proximate cause to a plaintiff's injuries. Welte v. Bello, 482 N.W. 2d 437, 442 (Iowa 1992).

The negligence of a professional must ordinarily be shown by expert testimony. Forsmark v. State, 349 N.W. 2d 763, 768 (Iowa 1984). However, under Iowa law, it is not necessary to present expert testimony to prove breach of a professional standard of care if negligence can be recognized with the common experience and knowledge of lay persons. See, e.g., Welte, 482 N.W. 2d at 441 (no expert testimony required for jury to decide whether doctor breached professional standard of care by injecting incorrect medication resulting in chemical burns); Oswald v. LeGrand, 453 N.W. 2d 634, 639-40 (Iowa 1990)(no expert required in medical malpractice case for poor patient relations); Devine v. Wilson, 373 N.w. 2d 155, 157 (Iowa Ct. App. 1985)(no expert required in suit against attorney for breach of duty of professional care).

67.

Pro se litigants should be liberaly construed.

68.

Attorney Peterson was working with Deshawn Mavrick of
Iowa City, Iowa, and can be located at Newton State
Penitentairy, Federal Holding Facility, Newton, Iowa,
Deshawn Mavrick was fabiracateing storys aginst Smart,
to obtain favors from prosecutors, Peterson dumped
Smart as a client in favor of Mavrick to further harm
Smart. Mavrick now in BOP QXFord) Wis.

500,000.00 compensatory damages per defendant.

4,000,000.00 punitive damages.

Release from incarceration.

Request for Jury Demand.


Respectfully submitted,

by *Robert Lee Smart Jr.*

ROBERT LEE SMART

FEDERAL CORRECTIONAL COMPLEX

REG NO. #08033-030#

P.O. BOX 33

TERRE HAUTE, INDIANA

47808

Notarized this 27th day of Febury 2008 .
Lori L. Burnett, Notary Public
Vigo County, Indiana
Commission Expires August 31, 2009.

CERTIFICATE OF SERVICE

I, ROBERT LEE SMART, hereby certify that I placed the
enclosed documents with the mail room at the DOJ-BOP-THA
USP in Terre Haute, Indiana with postage prepaid to be
sent via the United States Postal Service.

by *Robert LEE Smart Jr.*

ROBERT LEE SMART

FEDERAL CORRECTIONAL COMPLEX

REG NO. 08033-030

TERRE HAUTE, INDIANA

47808


Sent To: UNITED STATES DISTRICT COURT

        CLERK

        SOUTHERN DISTRICT OF IOWA

        CENTRAL DIVISION

Notarized this 27th day of Febru 20 08 .
Lori L. Burnett, Notary Public
Vigo County, Indiana
Commission Expires August 31, 2009.



Robert Lee Smart Jr. 08033-030
Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute In. 47808

INMATE
IDENTIFICATION
CONFIRMED

Clerk, United States District Co
P.O. Box 9344
Des Moines, IA 50306-9344